IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SOCORRO TREJO, *for herself*
*and others similarly situated*,

     Plaintiff,

v.                                      No.  14-CV-913 GBW/SCY

SAFEWAY INSURANCE GROUP, *et al.*,

     Defendants,

## ORDER

     This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint and Motion for Remand (*doc. 14*), and Defendants' Motion for Leave to File Second Amended Notice of Removal (*doc. 23*).  The Court, having reviewed the motions, the attendant briefing (*docs. 21, 30, 31, 32*), and the relevant law, and being otherwise fully advised, will DENY Plaintiff's Motion to Amend and Remand, and GRANT IN PART Defendants' Motion for Leave to File Second Amended Notice of Removal.

## I.   BACKGROUND

     Plaintiff brought this putative class action against Defendants on behalf of herself and all others similarly situated for Defendants' alleged failure to comply with New Mexico's uninsured motorist statute.  She raises claims of bad faith insurance practices,

unfair claim practices, unfair trade practices, negligence, negligence *per se*, and breach of

contract, and requests a temporary restraining order.  *Doc. 5,* Ex. 1.

Defendants removed this case to federal court on diversity grounds on October 9,

2014 (*doc. 1*), and filed an amended Notice of Removal on October 15, 2014 (*doc. 5*).  The

Notice of Removal states that federal jurisdiction is proper under 28 U.S.C. § 1332

because "Plaintiff is a citizen . . . of the . . . State of New Mexico," "Defendant Safeway

Insurance Company is a foreign corporation . . . and is a citizen of the State of Illinois,"

"Defendants Elizabeth George and Craig Martin are citizens . . . of the State of Arizona,"

and "'John Doe' defendants are to be disregarded for diversity purposes."  *Doc. 5* at 2.

Thus, Defendants conclude, "[c]omplete diversity of citizenship exists."  *Id.*

Defendants also state that the amount in controversy meets the jurisdictional

requirements of 28 U.S.C. § 1332.  Attached to the Notice of Removal is a letter from

Plaintiff stating that she "will seek compensation over and beyond $75,000.00 . . . ."

*Doc. 5*, Ex. 2.

On November 14, 2014, Plaintiff moved to amend her complaint to add a

negligence claim against her insurance agent, Dale Bro.  *Doc. 14.*  Because Mr. Bro is a

citizen of New Mexico, his addition would destroy complete diversity.  *See, e.g.,*

*Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68 (1996) (diversity jurisdiction requires that "the

citizenship of each plaintiff is diverse from the citizenship of each defendant").  Plaintiff

concurrently moves to remand the case to state court for lack of subject matter

jurisdiction.  She also argues that, while her original complaint states that Defendants Elizabeth George and Craig Martin are citizens of New Mexico, Defendants have— without support—improperly asserted that they are citizens of Arizona.

Defendants responded to Plaintiff's motion on December 8, 2014.  *Doc. 21.*  They argue that (1) Dale Bro is not an indispensable party whose joinder would deprive the court of subject matter jurisdiction; (2) Defendants George and Martin are indeed citizens of Arizona; and (3) even if Mr. Bro is added as a defendant, the Court should retain jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d).

On December 18, 2014, Defendants filed a Motion for Leave to File Second Amended Notice of Removal.  *Doc. 23.*  They request leave to amend (1) to supplement the original Notice of Removal with information supporting the basis for diversity jurisdiction, including affidavits from Defendants George and Martin concerning their citizenship; and (2) to assert an additional basis for federal jurisdiction under CAFA. Plaintiff contends that Defendants should not be permitted to amend their Notice of Removal at this time to allege a new basis for jurisdiction, and argue in the alternative that Defendants cannot meet the minimal amount in controversy required for federal jurisdiction under CAFA.  *See generally doc. 30.*

Briefing was complete on Plaintiff's Motion to Amend Complaint and Remand on January 9, 2015, and on Defendants' Motion to Amend Notice of Removal on January 23, 2015.

3

## II.   ANALYSIS

As set forth above, amending Plaintiff's complaint to include Dale Bro as a defendant would destroy complete diversity and thus affect the current basis for federal jurisdiction in this case.  If, however, Dale Bro is not added and Defendants are correct in their assertion that Defendants George and Martin are citizens of Arizona, the Court will retain diversity jurisdiction over this case.  The Court will therefore begin its analysis with Plaintiff's Motion to Amend.

### A.  **Plaintiff's Motion to Amend Complaint**

The period during which Plaintiff could amend her complaint as a matter of course has passed.  *See* FED. R. CIV. P. 15(a)(1).  Therefore, the "decision to grant leave to amend a complaint . . . is within the trial court's discretion." *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994).  Leave to amend shall be "freely give[n] . . . when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, the court may decline to grant to leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Where, as here, "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder

4

and remand the action to the State court." 28 U.S.C. § 1447(e).  In making this

determination, "the district court must determine whether the party sought to be joined

is indispensable" under Federal Rule of Civil Procedure 19.  *McPhail v. Deere & Co.*, 529

F.3d 947, 951 (10th Cir. 2008).  If the court finds that the party is indispensable, it must

join the party and remand the action to state court, or dismiss the action under Rule

19(b).  *Id.*  If, on the other hand, the court finds that the party "is not indispensable, Rule

20(a)(2) permits joinder at the discretion of the district court."  *Id.* at 951-52.  Thus, the

question of whether to permit Plaintiff to amend her complaint and join Dale Bro as a

defendant depends first on whether he is an indispensible party in the litigation.

### 1.  *Dale Bro is not an indispensable party*

In her proposed amended complaint, Plaintiff seeks to add a single negligence

claim against her insurance agent, Dale Bro.  She contends that she "consulted with

Defendant Dale Bro, and relied on his expertise in the insurance industry to recommend

and procure full coverage for [her] vehicles."  *Doc. 14*, Ex. 1 at 6.  Plaintiff claims that,

"[a]s a licensed insurance agent authorized to sell automobile insurance in the State of

New Mexico, Defendant Bro knew or should have known that pursuant to New Mexico

law, all automobile insurance policies sold in the State are required to provide

uninsured and underinsured motorist coverage in an amount equal to liability coverage

unless an insured makes a knowing, proper and lawful rejection of such coverage . . . ."

*Id.*  Dale Bro thus owed "various duties" to Plaintiff, which he breached by *inter alia*

failing to ensure that she was provided with full coverage and "failing to ensure that any purported rejection signed by Plaintiff Trejo was done with a full understanding of the implications of such rejection . . . ." *Doc. 14*, Ex. 1 at 29-30.  For the reasons set forth below, the Court concludes that Dale Bro is not an indispensable party to this litigation.

"Whether a party is indispensable is determined by considering the factors set forth in Fed. R. Civ. P. 19." *Salt Lake Tribune Pub. Co., LLC v. AT&T Corp.*, 320 F.3d 1081, 1096 (10th Cir. 2003).  The court must first determine whether a party is a required party under Rule 19(a).  If the party is "required," the court will assess whether the party is indispensable under Rule 19(b).[1]

A party is required under Rule 19(a)(1)(A) if "in the person's absence, the court cannot accord complete relief among existing parties."  Rule 19(a)(1)(B) states that a party is also required if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the persons' absence may: (i) as a practical matter impair or impede the person's ability to protect that interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  If a party is not required

---

[1] "Earlier case law generally describes those parties who should be joined under rule 19(a) as necessary parties, and those necessary parties whose absence requires that a case be dismissed under rule 19(b) as indispensable parties, or necessary and indispensable parties. The 2007 amendments to the rules changed the term necessary parties to required parties." *Wheeler Peak, LLC v. L.C.I.2, Inc.*, No. 07-1117-JB/WDS, 2009 WL 2982817, at *5 (D.N.M. Aug. 15, 2009).

under 19(a)(1), "it cannot be . . . indispensable . . . and [the court] therefore need not consider Rule 19(b)." *Salt Lake Tribune*, 320 F.3d at 1098.

Plaintiff does not assert that Dale Bro is a required party under subsection (a)(1)(B). Rather, she contends that, under Rule 19(a)(1)(A), "the court cannot accord complete relief among existing parties" in his absence.[2] She first postulates that discovery may show that "Defendant Safeway instructed Defendant Bro to notice all of his clients who rejected UM/UIM coverage that the policies were subject to being reformed to include such coverage, but he failed to do so." *Id.* Next, she considers the possibility "that Defendant Bro was instructed to utilize his original files to identify rejections which failed to comport with *Jordan* [*v. Allstate Insurance Co.*, 245 P.3d 1214 (N.M. 2010)] so those various policies could be reformed, but he failed in that task," or "that Defendant Bro violated his mandates by using an outdated form to procure Plaintiff Trejo's UM/UIM rejection." *Id.* Plaintiff argues that, in any of these situations, she would be unable to obtain complete relief unless Defendant Bro was joined. *Id.* Therefore, she urges, the Court must find that he is a required party under Rule 19(a)(1)(A).

Plaintiff misconstrues the mandate of Rule 19(a)(1)(A). Under this rule, a court should consider "whether, in the absence of the [proposed party], complete relief could

---

[2] Plaintiff also states in passing that she must "preserve" her claims against Dale Bro and is "obligated to protect Defendant Safeway's indirect claims (subrogation interests)." *Doc. 31* at 4. Because she provides no explanation or support for these contentions, the Court finds them meritless.

be accorded *among the persons already parties to the action*."  *Sac and Fox Nation of Mo. v. Norton*, 240 F.3d 1250, 1258 (10th Cir. 2001) (emphasis added).  It does not consider relief "as between a present party and the absent party whose joinder is sought." *Wheeler Peak, LLC v. L.C.I.2, Inc.*, No. 07-1117-JB/WDS, 2009 WL 2982817, at *6 (D.N.M. Aug. 15, 2009) (quoting *Champagne v. City of Kansas City*, 157 F.R.D. 66, 67 (D. Kan. 1994)).  None of Plaintiff's speculative arguments establish that Bro's absence would prevent Plaintiff from obtaining relief from the existing Defendants to the extent they are liable.

Plaintiff also argues that "[n]aming Defendant Bro is the most judicially efficient and economical means of pursuing the claims and issues in this case." *Doc. 31* at 4-5. However, the mere fact that Plaintiff may have viable claims against Dale Bro does not make him a required or indispensable party.  *See Wheeler Peak*, 2009 WL 2982817, at *6 (Rule 19(a)(1)(A) "is not invoked simply because some absentee may cause future litigation.") (quotation omitted); *see also Perez v. W. Plains Transport, Inc.*, No. 13-1145-KHV, 2014 WL 61473, at *2 (D. Kan. Jan. 8, 2014) (holding that Rule 19(a)(1)(A) does not require a party to be joined simply "so that the comparative fault of all potentially liable parties may be determined in a single action").

For the foregoing reasons, the Court concludes that Dale Bro is not a required party under Rule 19(a), and therefore cannot be an indispensable party under Rule 19(b).  *See Salt Lake Tribune*, 320 F.3d at 1098.

8

**2. *The Court will not permit Plaintiff to join Dale Bro as a Defendant***

Having concluded that Dale Bro is not an indispensable party under Rule 19, the Court must now determine when it will permit joinder under Rule 20. "Rule 20(a)(2) permits joinder at the discretion of the district court." *McPhail*, 529 F.3d at 951-52. Indeed, Dale Bro is more appropriately categorized as an individual subject to permissive joinder under Rule 20(a)(1)(2), because there are "question[s] of law or fact common to all defendants" and Plaintiff asserts a right to relief against him "jointly, severally, or in the alternative [with the existing Defendants] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a)(1)(2).

In determining whether to grant leave to join a party under Rule 20, a court "may consider the good faith of the party seeking the amendment. If it determines that the amendment was asserted in bad faith, as, for example, when plaintiff attempts to destroy the federal court's removal jurisdiction over the case by altering the complaint so that the case will be remanded, the court may not allow the amendment . . . ." 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1487 (3d ed. 2014) (West). "[A]mendment solely to destroy a federal court's diversity jurisdiction is not a legitimate purpose meriting remand." *Casias v. Distrib. Mgmt. Corp., Inc.*, No. 11-874-MV/RHS, 2012 WL 4511364, at *4 (D.N.M. Sept. 26, 2012).

The Court, in its discretion, will deny Plaintiff's request to join Dale Bro as a defendant.  Plaintiff seeks to bring a single claim against Mr. Bro, based purely on speculation as to what evidence may arise during discovery, and asserted for the first time shortly after Defendants had removed this case to federal court.  It is undisputed that Plaintiff's claim against Dale Bro existed at the time she filed her complaint in state court.  She points to no newly discovered evidence or law that would explain his omission in her original complaint.  She even fails to "suggest[] anything that might tend to establish 'excusable neglect' in not including the defendant earlier."  *Altizer v. Kia Motors Am., Inc.*, No. 14-459-HE, 2014 WL 3587806, at *2 (W.D. Okla. July 21, 2014). In fact, despite now claiming that Bro is an indispensable party, Plaintiff gives no explanation as to why he was not originally named and what created the need to add him immediately after removal.

The Court is thus persuaded that Plaintiff's proposed amendment is primarily brought for its impact on diversity jurisdiction and should be denied.  *Casias*, 2012 WL 4511364, at *3-*4; *see also State Distrib., Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.").

For the foregoing reasons, the Court DENIES Plaintiff's Motion to Amend her complaint in order to add a negligence claim against Dale Bro.

10

**B.  Defendants' Motion to Amend Notice of Removal**

Having denied Plaintiff's Motion to Amend, the Court will now consider Defendants' Motion for Leave to File Second Amended Notice of Removal.  As stated above, Defendants move to amend their Notice of Removal to complete two objectives: (1) to supplement its basis for diversity jurisdiction by including affidavits from Defendants George and Martin confirming their Arizona citizenship, and (2) to assert jurisdiction under CAFA.  For the following reasons, the Court will permit amendment for the first purpose but not for the second.

28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  This statute "permits amendments of incorrect statements about jurisdiction . . ." and is meant "to avoid dismissal on technical grounds."  *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314-315 (10th Cir. 2007) (quotations omitted).  The Tenth Circuit "ha[s] applied § 1653 on a number of occasions, usually to permit amendment of defective allegations of diversity or federal-question jurisdiction," *id.* at 315 (citing cases), and has generally "allowed defendants to remedy defects in their petition or notice of removal."  *Thompson v. Intel*, No. 12-620, 2012 WL 3860748, at *6 (D.N.M. Aug. 27, 2012).

Amendments are limited to those that are "technical" in nature, as opposed to "substantive."  *Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1304 (D.N.M. 2011).  Amendment is not typically permitted, for example, to add completely new

grounds for removal or furnish missing allegations, even if the court rejects the first-proffered basis of removal.  *See Thompson*, 2012 WL 3860748, at *7 (citing 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed. 2009)); *see also Uhllman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1224 (D.N.M. 2013).  Nor will "the court . . . on its own motion, retain jurisdiction on the basis of a ground that is present but that defendants have not relied on."  *Thompson*, 2012 WL 3860748, at *7.

### 1. *Defendants are permitted to amend their Notice of Removal to assert additional grounds for diversity jurisdiction*

Defendants' first objective in seeking to amend their Notice of Removal is simply to clarify their previously articulated grounds for diversity jurisdiction under 28 U.S.C. § 1332.  They contend that Defendants George and Martin are indeed citizens of Arizona, and seek to "supplement their Notice of Removal with additional information supporting the basis for its removal under traditional diversity jurisdiction principles including, but not limited to, the inclusion of affidavits from Defendants Elizabeth George and Craig Martin."  *Doc. 23* at 1-2.  Because the Court finds it to be a technical amendment, the Court will GRANT Defendants' motion to amend their Notice of Removal to include further jurisdictional facts supporting diversity jurisdiction.  *See, e.g., Lopez v. Denver & Rio Grande W. R.R. Co.*, 277 F.2d 830, 832 (10th Cir. 1960)

(permitting amendment of notice of removal to "supply sufficient allegations of citizenship").[3]

Additionally, having granted this amendment, the Court concludes that complete diversity exists among the parties, will therefore DENY Plaintiff's Motion to Remand.

### 2. *Defendants' motion to assert federal jurisdiction under CAFA is denied*

Defendants also seek to amend their Notice of Removal to assert jurisdiction under CAFA.  The Court will deny this request, because, as set forth above, Defendants may not amend their Notice of Removal to assert an entirely new basis for federal jurisdiction.

This conclusion is bolstered by two additional considerations.  First, Defendants chose to remove this case on diversity grounds alone.  Although they may not have been alerted to the possibility of *losing* federal jurisdiction until Plaintiff filed her Motion to Amend, the basis for CAFA jurisdiction nevertheless existed at the time Defendants first removed this case.  *See Thompson*, 2012 WL 3860748, at *7 (citing cases prohibiting defendants from asserting new bases for jurisdiction not included in the original notice of removal).  Second, "[i]t is well-established that statutes conferring

---

[3] The Court notes that Defendants' current Notice of Removal is not necessarily deficient.  Under 28 U.S.C. 1446(a), "defendants desiring to remove any civil action from a State court shall file in the district court . . . a notice of removal . . . containing a short and plain statement of the grounds for removal . . . ."  Although Defendants did not originally include affidavits of citizenship in their Notice of Removal, they properly pled the citizenship of the parties, which is all that is required under the statute.

jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of [their] constitutional role as limited tribunals." *Pritchell v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). The Court therefore finds it prudent to limit federal jurisdiction to the grounds on which this case was initially removed.

For the foregoing reasons, the Court DENIES Defendants' motion to amend their Notice of Removal to allege a secondary basis for federal jurisdiction.

### III.   CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's Motion to Amend and Remand, and GRANTS IN PART Defendants' Motion for Leave to File Second Amended Notice of Removal. Defendants are permitted to amend their Notice of Removal for the sole purpose of including additional information to diversity jurisdiction.

IT IS SO ORDERED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by consent**

14